UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG S. SLAVIN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>REBECCA MONET and LAURENCE F. HAINES,<br><br>　　　　　　　　　　　Defendants. | Case No.:  19cv1786 JM(MDD)<br><br>**ORDER ON MOTION TO DISMISS** |

Presently before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Rebecca Monet (Monet) and Laurence F. Haines (Haines), (collectively "Defendants").  (Doc No. 5.)  The motion has been briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the motion is granted.

**Background**

On September 17, 2019, Plaintiff Craig Slavin (Slavin) filed this "malicious prosecution" claim stemming from a civil action Monet and Zoracle, LLC filed against

///

///

///

Slavin, Franchise Central, LLC,[1] Franchise Navigator and Franchise Architects in the Superior Court for San Diego County, California. (Doc. No. 1, "Compl.") Slavin brought suit in federal court on the basis of diversity jurisdiction. (Compl. at ¶¶ 1-6.)

The state court complaint (also referred to as the "underlying action") asserted three causes of action.[2] The first cause of action for defamation was brought by Monet against Slavin. (Doc. No. 5-1 ¶¶ 91-101). The second cause of action for trade libel was brought by Zoracle against all defendants. (*Id.* ¶¶ 102-110.) The third cause of action for violation of business and professions code section 17200 was brought by Monet and Zoracle against all defendants. (*Id.* ¶¶ 111-114.) Each claim incorporates a number of alleged statements made by Slavin or Franchise Central, LLC, between January 27, 2011 and April 30, 2017.

As Slavin's opposition makes clear, Slavin interprets the numerous factual allegations in the underlying action as "a number of separate causes of action for defamation as a matter of law, despite the fact that the complaint purported to allege only

---

[1] Slavin is the founder, president and majority member of Franchise Central, LLC, an Arizona company which provides consulting services to participants in the franchising business. (Compl. at ¶ 10.)

[2] Along with the motion to dismiss, Defendants ask the court to take judicial notice of the San Diego Superior Court complaint filed in *Monet & Sullivan v. Craig S. Slavin, Franchise Navigator, Franchise Architects, & Franchise Central, LLC,* Case No. 37-2017-00020791-CU-DF-NC (June 9, 2017). Defendants do not state under what grounds they move. Regardless, Federal Rule of Evidence 201 allows a court to take judicial notice of matters incorporated by reference in the complaint and matters of public record. *See* Fed. R. Evid. 201; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.,* 250 F.3d 668, 689-690 (9th Cir. 2001) (taking judicial notice of exhibits attached to the motion to dismiss that were undisputed matters of public record). Plaintiff did not oppose the request for judicial notice. Accordingly, the court will take judicial notice of the state court complaint. (Doc. No. 5-1.)

two causes of action." (Doc. No. 7 at 15.<sup>3</sup>) On this basis, Slavin argues that the underlying action included a number of individual claims for defamation that were asserted without probable cause. (Compl. at ¶¶ 19, 20, 22, 26-29.)

Specifically, Slavin alleges that the state court complaint asserted claims of defamation based on four statements alleged to have been posted on the LinkedIn.com Franchise Executive Group by Slavin on August 23, 2016, but that these four statements were true and therefore not actionable as defamatory. (*Id.* at ¶¶ 19, 20.) He also alleges that the underlying action contained defamation claims related to two statements Slavin was alleged to have posted on the LinkedIn.com Franchise Executive Group on December 4, 2016 and that these two statements were also true and therefore not actionable. (*Id.* at ¶¶ 22, 23.) Slavin also alleges that there was a defamation claim in the underlying action for a statement not actually contained in a video, "Franchising is Full of B.S." (*Id.* at ¶¶ 26, 27.) Finally, Slavin alleges that an additional defamation claim was asserted for statements posted on RipoffReport.com on January 27, 2011, and that a defamation claim based on these statements was barred by the applicable statute of limitations. (*Id.* at ¶¶ 28, 29.)

The complaint alleges that the state court action was terminated in favor of Slavin. (*Id*. at ¶ 30.) It also alleges that the underlying action was intended to vex, annoy, harass, embarrass, humiliate and to obtain an unfair competitive advantage over Slavin and Franchise Central, LLC. (*Id.* at ¶ 31.) The complaint also alleges that Defendants maintained the defamation causes of action in bad faith "after plaintiff and defendant Monet's verified discovery responses in the Action established conclusively that the statements at issue herein allegedly made by plaintiff Slavin on LinkedIn.com were either true or not made by plaintiff Slavin." (*Id*. at ¶ 32.)

---

<sup>3</sup> Document numbers and page references are to those assigned by CM/ECF for the docket entry.

On November 18, 2019, Defendants filed a motion seeking to dismiss the complaint under 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5.) Plaintiff filed his opposition to the motion, (Doc. No. 7). As of the date of this order, Defendants have not filed a reply.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But, even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Discussion**

Defendants argue that the court must consider all of the factual allegations that formed the basis of the state court complaint and that Slavin's malicious prosecution claim "fails at the pleading stage as there is no longer a prima facie case presented." (Doc. No. 5 at 2.)

"To succeed on a malicious prosecution claim under California law, a plaintiff must prove that the prior action: '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without

probable cause; and (3) was initiated with malice.'" *Roberts v. McAfee*, 660 F.3d 1156, 1163 (9th Cir. 2011) (quoting *Paiva v. Nichols*, 168 Cal. App. 4th 1007, 85 Cal. Rptr. 3d 838, 848 (2008) (quoting *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 118 Cal. Rptr. 184, 529 P.2d 608, 613–14 (1974)). [4] In addition, the plaintiff must demonstrate "resulting damage by way of attorneys' fees incurred in defense, mental distress, and/or injury to reputation or social standing." *Harbor Ins. Co. v. Cent. Nat'l Ins. Co.,* 165 Cal. App. 3d 1029, 1036 (1985).

Here, Defendants do not dispute that Slavin has adequately alleged the first element of the claim. (*See* Compl. at ¶¶ 17, 30.) Rather, they focus on the second element, asserting they had probable cause to believe that Slavin published false, defamatory and unprivileged information about Monet and Zoracle, LLC, when the underlying state court libel action was filed. (Doc. No 5 at 5-7.)

Probable cause in the malicious prosecution tort context, "is a question of law that turns on whether the underlying claim was 'legally tenable, as determined on an objective basis.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1031 (9th Cir.2008) (quoting *Padres L.P. v. Henderson*, 114 Cal. App. 4th 495, 8 Cal. Rptr. 3d 584, 600 (2004)). Probable cause:

> is measured by the state of the defendant's *knowledge*, not by his *intent*. ... [T]he standard applied to defendant's consciousness is external to it. The question is not whether he thought the facts to constitute probable cause, but whether *the court* thinks they did.

*Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 881 (1989) (quoting *Dir. Gen. v. Kastenbaum*, 263 U.S. 25, 27–28, (1923)) (emphasis in *Sheldon Appel Co.*). The probable

---

[4] "In order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 341 (Cal. 2004) (quoting *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (Ct. App. 1994)).

cause inquiry is therefore objective, with the court focusing on whether a reasonable person would have thought that the claim was legally tenable "without regard to [her] mental state." *Roberts v. Sentry Life Ins.*, 76 Cal. App. 4th 375, 382 (1999). In other words, probable cause is present unless any reasonable attorney would agree that the action is totally and completely without merit. *Sheldon Appel Co.*, 47 Cal. 3d at 885. This standard applies to both the initiation of a lawsuit and its continuation once the absence of probable cause is discovered. *Zamos v. Stroud*, 32 Cal. 4th 954, 970 (2004). If the court determines that probable cause existed, the malicious prosecution claim fails. *Sheldon Appel Co.*, 47 Cal. 3d at 881-82. The reasonable attorney standard, and the related high threshold for malicious prosecution claims, assures that litigants with potentially valid claims won't be deterred by threat of liability for malicious prosecution. *Sheldon Appel Co.*, 47 Cal. 3d at 885.

As a preliminary matter, the court is not persuaded that each of the statements Slavin challenges constituted separate and distinct defamation claims in the underlying action.[5] (Doc. No. 7 at 14-15.) If Slavin believed that the state court complaint was defective in that distinct defamatory causes of action were not separately stated for each of the alleged statements, he should have challenged the sufficiency of the state court complaint by way of demurrer. Thus, the court declines Slavin's invitation to review the factual allegations

---

[5] In doing so, Plaintiff cites *Haddad v. McDowell,* 213 Cal. 690, 692 (1931), asserting that "the controlling principle for determining whether a defamation claim is a distinct cause of action is whether the publication was complete in itself and distinct from other publications." (Doc. No 7 at 14-15.) But Plaintiff overstates the holding in *Haddad*. *Haddad* does not, as Plaintiff suggests, "elucidate[] the criteria for evaluating whether a claim for defamation constitutes a distinct cause of action" (*id.* at 14). Rather, *Haddad* was often cited for its holding that plaintiff's failure to request leave to amend requires the appellate court to affirm the judgment of the trial court if any of the grounds of special demurrer are well taken. This judicially established rule of procedure was subsequently eliminated in 1939. *See Wennherholm v Stanford Univ. Sch. of Med.*, 20 Cal. 2d 713, 718-720 (1942).

in the state court complaint and essentially parse out every alleged defamatory statement into separate and distinct claims. Absent legal authority to the contrary, this court will analyze the defamation claim as a single claim, as it was pled in the underlying action.

Even assuming Slavin is correct about the specific statements described above, there are multiple other factual allegations that supported Monet's defamation claim. For example, Monet and Zoracle alleged Slavin made untrue and derogatory statements: (1) to a Zoracle contractor in September 2016; (2) to a group of franchise executives at a conference in September 2016; (3) during a telephone call to a podcast producer in the fall of 2016; (4) in emails on December 21, 2016; in an email on December 25, 2016; (5) in conversations with a business broker in January 2017; (6) in February 2017 messages via Linkedin.com to a major franchising consulting firm; (7) in a February 23, 2017 email; (8) on the live chat feature, during a May 3, 2017 webinar given to the International Franchise Association; and (9) in an April 30, 2017 telephone conversation with a producer of the television show Build Your Own Business. (*see* Doc. No. 5-1 ¶¶ 34, 36, 46-48, 51-58, 60-75, 77-80.) Therefore, the court cannot conclude that no reasonable attorney would have thought the defamation claim untenable at the time of filing. *See Wilson v. Parker, Covert & Chidester,* 28 Cal 4th 811, 817 (2002) ("Only those actions that any reasonable attorney would agree are totally and completely without merit may form the basis of a malicious prosecution claim.") (internal quotation marks and citation omitted). And while discovery may have negated some of the facts alleged in support of the defamation claim, Slavin does not argue the claim was negated in its entirety. Thus, the court cannot conclude that Monet and Haines continued to prosecute the defamation claim after discovering it was legally untenable. In the same vein, the court notes that the mere inclusion of a handful of facts in support of an underlying defamation claim which ultimately prove not to be true does not constitute the type of harm necessary for a malicious prosecution claim. *Zamos*, 32 Cal. 4th at 969 ("continuing an action one discovers to be baseless harms the defendant and burdens the court system").

Furthermore, "[t]he 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action...." *Sheldon Appel Co.*, 47 Cal. 3d at 874. "The plaintiff must plead ... actual ill will or some improper ulterior motive." *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 494 (1998). (emphasis in original omitted). An improper ulterior motive held by a client "is not imputable to counsel." *Estate of Tucker ex rel. Tucker*, 515 F.3d at 1032–33. Thus, where a plaintiff brings claims against both client and counsel in a malicious prosecution action, the plaintiff must separately plead and prove an improper purpose on each defendant's behalf. *See Zeavin v. Lee*, 136 Cal. App. 3d 766, 772, (1982) (A party's malfeasance in initiating a lawsuit is not imputable to counsel). While the complaint at bar alleges that the state court action was intended to vex, annoy, harass, embarrass, and humiliate Slavin and for Monet and Zoracle, LLC, to obtain an unfair competitive advantage over him and Franchise Central, LLC, (*see* Compl. at ¶ 31), it does not allege that Haines had his own, independent improper purposes for filing suit, much less provide any detail regarding Haines' alleged improper purposes.

Accordingly, the motion to dismiss the complaint is **GRANTED** in its entirety with leave to amend.

**Conclusion**

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** with leave to amend. (Doc. No. 5.) Plaintiff has up to and including *May 8, 2020*, to file an Amended Complaint with the court. Defendants shall respond to Plaintiff's First Amended Complaint within the limits established by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: April 20, 2020

Hon. Jeffrey T. Miller
United States District Judge